Argued September 19, affirmed October 12, 1972

CITIZENS VALLEY BANK, *Appellant, v.*
PRAHL ET UX (No. 26037), *Defendants,*
BENTON COUNTY ET AL, *Respondents.*

502 P2d 284

*James II. Jordan,* Albany, argued the cause for appellant. With him on the brief were Weatherford, Thompson, Horton & Jordan, P.C., Albany.

*James M. Brown,* District Attorney, Corvallis, argued the cause and filed the brief for respondent Benton County.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This appeal is from a circuit court judgment, following the sustaining of the county's demurrer and plaintiff's refusal to further plead, which holds that a Benton County personal property tax lien is prior to that of plaintiff Citizens Valley Bank against certain real property. The pleadings allege that one Prahl had sold on contract to Fithian the real property in question on January 15, 1970. The legal title to the real property remained in Prahl until payments required by the contract were complete. Prior to January 1970 Prahl had become indebted to plaintiff Citizens Valley Bank. As security for this indebtedness, on January 21, 1970 Prahl and Fithian joined in a supplemental agreement which assigned "all proceeds of said contract" to Citizens Valley Bank except for certain sums necessary to make payments on a pre-existing first mortgage on the property. A memorandum of the assignment of "proceeds" was recorded on the same day. In March 1970 Prahl assigned the "proceeds" of the contract that might remain after the bank was paid off to still another of his creditors, named Chemco, Inc.

The instruments mentioned were made part of the complaint in this case.

Prahl also was indebted to Benton County for certain personal property taxes which were made the subject of real property lien recording on August 14, 1970 pursuant to the provisions of ORS ch 311.

On October 15, 1971 the Citizens Valley Bank commenced this proceeding involving Prahl's indebtedness to it, and seeking foreclosure against the real property described in the land sale contract. Other matters and numerous other parties were included, but we need concern ourselves in this appeal only with the facts herein related. Plaintiff Citizens Valley Bank claims that it has a real property lien prior to the county's tax lien.

ORS 311.625 provides:

"(1) * * * [T]he warrant [for collection of personal property taxes] * * * shall be filed * * * with the county clerk. * * * Thereupon the clerk shall enter in the judgment docket * * * the name of the owner of the personal property * * *.

"(2) Thereupon, the amount of the warrant * * * shall become a lien upon the title to any interest in real property owned by the person against whom the warrant is issued * * *. The effect shall be the same as * * * judgment against the person charged for the full amount * * *."

ORS 311.405 provides:

"(1) All taxes * * * on real or personal property are liens on such * * * property, respectively. Such taxes include delinquent taxes on personal property made a lien on real property * * *.

"* * * * *

"(6) * * * Such liens shall have priority to * * * any judgment, mortgage or other lien or

claim * * * provided, that a judgment, mortgage or other lien placed of record prior to the time personal property taxes become a lien on real property shall have priority * * *."

The trial court's findings of fact and conclusions of law succinctly state the problem as follows:

"The question is whether the assignment of vendor's and vendee's interest is an 'other lien placed of record' prior to the lien of the county."

The trial court's conclusion with reference to this problem was:

"Plaintiff has a security interest in the proceeds of the land sale contract. This is not an interest in the real property which comes within the protection of the recording statutes."

■ Plaintiff contends that it has a prior lien because (a) a judgment lien is inferior to a prior interest not capable of recording; (b) a judgment creditor has constructive notice of the interest of a purchaser in possession; and (c) the doctrine of equitable conversion applies. These arguments rest upon or relate to the plaintiff's primary claim that the recording of the memorandum of land sale contract should be viewed as a recording of a conveyance. ORS 93.670 authorizes recording of such memoranda, but says nothing concerning the effect thereof as a lien on subject property. Plaintiff claims its effect should be interpreted to be as a "conveyance" which takes precedence under the terms of ORS 18.370, if recorded before a judgment lien.

We think plaintiff's arguments do not meet their primary hurdle, namely, that the assignment and the memorandum thereof state only that the proceeds, not the contract, were assigned. The implication of the

later assignment of "proceeds" by Prahl to Chemco is that Prahl contemplated that he had retained more than bare legal title to the land after the assignment to plaintiff. Plaintiff states in places in its brief that the contract was assigned. In view of the plain wording of the assignment, plaintiff's argument in this regard appears to be the equivalent of contending that the intention of the parties was to assign the contract and any interest Prahl had in the real property. The implication to be drawn from the Chemco assignment is to the contrary.

■ Further, when the county's demurrer to the pertinent parts of the complaint was sustained, the plaintiff refused to plead over. We assume the plaintiff made the strongest statement of its case that it could, and thereafter the pleading will be construed against it. *Medford v. Pac. Nat'l Fire Ins. Co.,* 189 Or 617, 628, 219 P2d 142, 222 P2d 407, 16 ALR2d 1181 (1950) ; *Smith v. Cooper,* 256 Or 485, 512, 475 P2d 78 (1970).

We conclude that the trial court was correct in holding that the plaintiff had only a security interest in the proceeds of the contract and not an interest in the real property protected by the recording statutes. It is therefore unnecessary to consider plaintiff's contentions outlined above. The provisions of ORS 311.405(6) give priority to the county's lien.

Affirmed.