Argued and submitted January 14,
reversed and remanded April 21

WHITLATCH, et ux,
*Appellants,*
*v.*
BERTAGNOLLI, et ux,
*Respondents.*

(No. 78-485-L, CA   14872)

609 P2d 902

Michael L. Mowrey, Grants Pass, argued the cause for appellants. With him on the briefs was Brown, Hughes, Bird & Lane, Grants Pass.

Michael D. Snider, Grants Pass, argued the cause for respondents. With him on the brief was Schultz, Salisbury, Cauble & Snider, Grants Pass.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, C.J.*

JOSEPH, P.J.

*Schwab, C.J., *vice* Lee, J., deceased.

## JOSEPH, P.J.

Plaintiffs, purchasers of a plumbing business and certain real property on which the business is located, brought an action in fraud, alleging that defendant sellers intentionally concealed the fact that a portion of the real property was to be included in a condemnation action and that as a result they were deceived as to the value of the subject property. Defendants demurred to the amended complaint on the ground that it failed to allege facts sufficient to state a cause of action. The trial court sustained the demurrer, plaintiffs declined to plead further, and on defendants' motion the court dismissed the complaint. Plaintiffs appeal.[1] The only issue on appeal is whether the amended complaint stated a cause of action for fraud.

The amended complaint alleges that plaintiffs purchased, by a land sale contract, a plumbing business, "Bert's Plumbing," from defendants and as part of the sale purchased certain real property and structures. The complaint further alleges that:

"II

"On or before the time of closing said transaction, Defendants BERTAGNOLLIS knew or should have known that a portion of said real property was proposed to be included in the right of way for an expansion of Williams Highway, which highway abuts said real property.

"III

"That at all times during the negotiations for the sale of the real property and at the time the Plaintiffs signed the final written agreement, Defendants falsely and fraudulently concealed and failed to disclose the fact that portions of the real property were in the projected highway right of way; that at all times mentioned, Plaintiffs were ignorant of the location of a portion of the real property within the proposed expansion of Williams Highway; as a result

---

[1] Where a demurrer was sustained and the pleader chose not to plead further, we construe the pleading against the pleader. *Consolidated Freightways v. Eddy,* 266 Or 385, 513 P2d 1161 (1973); *Citizens Val. Bk. v. Prahl/Benton Co.,* 11 Or App 97, 502 P2d 284 (1972).

of such concealment and not otherwise, Plaintiffs entered into the transaction with Defendants; that the concealment was intended by Defendants to and did in fact deceive Plaintiffs as to the value of the property obtained in the transaction to Plaintiffs' damage in the sum of Twenty-Five Thousand Dollars ($25,000.00); as a proximate result of Defendants' concealment and failure to disclose said circumstances Plaintiffs incurred reasonable expenses including costs, attorney fees and expert witnesses in the sum of One Thousand Six Hundred Dollars ($1,600.00).

"IV

"The aforesaid concealment of facts material to the transaction between Plaintiffs and Defendants was done by Defendants willfully and maliciously and, therefore, Plaintiffs should be assessed Twenty-Five Thousand Dollars ($25,000.00) as and for punitive damages."

Defendants challenge the complaint on three grounds. First, they contend that the complaint is defective because it fails to allege two essential elements of actionable fraud: materiality of the concealed fact and that "defendants knew the proposed expansion of the highway was unknown to plaintiffs."[2] Plaintiffs' complaint satisfies the materiality requirement by alleging that "the aforesaid concealment of facts *material* to the transaction between Plaintiffs and Defendants was done by Defendants willfully and maliciously," and that "as a result of such concealment and not otherwise, Plaintiffs entered into the transaction with Defendants."

---

[2] The essential elements of actionable fraud consist of:

"*** (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury." *Conzelmann v. N.W.P.& D. Prod. Co.,* 190 Or 332, 350, 225 P2d 757 (1950); *Musgrave et ux v. Lucas et ux,* 193 Or 401, 410, 238 P2d 780 (1951).

Whether defendants knew that plaintiffs were ignorant of the proposed condemnation is not an element of the cause of action.

Similarly, the complaint alleges the essential elements of the defendants' knowledge of the withheld facts and plaintiffs' ignorance thereof:

> "Defendants falsely and fraudulently concealed and failed to disclose the fact that portions of the real property were in the projected highway right of way; that at all times mentioned, Plaintiffs were ignorant of the location ***."

Secondly, defendants challenge the complaint on the ground that plaintiffs have not alleged that defendants had a duty to disclose. They assert that the concealment of facts does not constitute a misrepresentation, and even if it does, it does not give rise to an action for fraud unless there is a legal duty to speak. Contrary to that assertion, affirmative statements need not be made in order to be liable for fraud. Silence or concealment of facts can be the basis for a fraud action. *Musgrave et ux v. Lucas et ux,* 193 Or 401, 410, 238 P2d 780 (1951). Non-disclosure of a known fact that is material to the transaction is actionable fraud. *Millikin v. Green,* 283 Or 283, 583 P2d 548 (1978). In *Millikin,* a judgment for fraud was affirmed against defendant sellers, who after being notified by city authorities that the roof of the residence would have to be replaced, closed a sale of that residence without disclosing the fact to plaintiff buyers. The court found the misrepresentation to be material. Plaintiffs' allegations in the present case of the non-disclosure of proposed condemnation proceedings is certainly material to the purchase of a business located on a portion of the proposed condemned property. The complaint alleging such a concealment is sufficient without the specific assertion of a duty to speak.

Finally, defendants argue that plaintiffs' complaint is defective because it alleges only that condemnation proceedings are "projected" and "proposed." They assert that actionable fraud cannot be based on acts which are to take place in the future. They also argue

that an owner of property which is condemned presumably will be fully and totally compensated for the taking. Thus, they say, plaintiffs would not incur any damages.

While the general rule is that an action for fraud can never be predicated on a promise to do something in the future *(Webb v. Clark,* 274 Or 387, 546 P2d 1078 (1976); *Elizaga v. Kaiser Found. Hospitals,* 259 Or 542, 487 P2d 870 (1971)) or on erroneous predictions of the future conduct of independent third parties *(J.C. Corbin Co. v. Preston,* 109 Or 230, 212 P 541, 218 P 917 (1923)), plaintiffs' allegations are not predicated on acts taking place in the future. The complaint alleges that a portion of the real property purchased from defendants is in the projected highway right of way. Although no formal exercise of the power of eminent domain is alleged, or may ever be filed, the allegations of this concealed fact are allegations of a present fact which misrepresented to plaintiffs the value of the subject property. The allegations, if proven, may afford plaintiffs relief; formal condemnation proceedings need not have been initiated. *See Lincoln Loan v. State Hwy. Comm.,* 274 Or 49, 545 P2d 105 (1976).

The complaint was sufficient to state a cause of action in fraud.

Reversed and remanded.