DONALD SALISBURY *et al.*, Plaintiffs-Appellants, *v.* CHAPMAN REALTY *et al.*, Defendants-Appellees.

Third District   No. 3—83—0609

Opinion filed June 18, 1984.

Edwin R. McCullough, of Chicago, and Edward J. Kuleck, Jr., of Ottawa, for appellants.

Douglas A. Gift, of Herbolsheimer, Lannon, Henson, Duncan and Reagan, P.C., of La Salle, for appellee Realty World Midwest, Inc.

James Troupis, of Troupis and Troupis, of Mendota, for appellee Chapman Realty.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiffs appeal from the dismissal of their second amended complaint. In 1979 and 1980, the plaintiffs purchased real estate from Laurel Chapman, Jr., a partner of Chapman Realty and a licensed real estate broker. Laurel had originally purchased the property via four mortgage loans which were still outstanding at the time of the sales to the plaintiffs. The plaintiffs agreed to purchase the properties on installment contracts. Some of the plaintiffs were not told of the mortgages; others were not informed of the amount of the loans or the extent of Laurel's indebtedness. The plaintiffs made payments on the contracts, but Laurel failed to repay the mortgage loans. First Federal Savings and Loan Association of Ottawa foreclosed on the plaintiffs' property. Laurel has absconded.

The plaintiffs filed a complaint naming Laurel's partners in Chapman Realty, and the franchisor, Realty World, as defendants. First Federal, the mortgagor, was also named as a defendant but is not a party to this appeal. The trial court granted the defendants' motion to dismiss holding that Realty World and the partnership defendants could not be vicariously liable for Laurel's conduct because he was not acting as a partner when he sold the property to the plaintiffs and because Realty World was a franchisor and not a principal of Chapman

Realty. The court also found that Laurel's conduct did not amount to legal fraud. The court did not comment on the plaintiffs' remaining causes of action for breach of contract and for violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 261 *et seq.*) and the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1981, ch. 111, par. 5701 *et seq.*).

■ In considering a motion to dismiss, well-pleaded allegations are to be taken as true. This rule does not extend to conclusions of law or fact which are unsupported by allegations of specific facts. (*Tru-Link Fence Co. v. Reuben H. Donnelley Corp.* (1982), 104 Ill. App. 3d 745.) Where there is a conflict between the pleaded facts and facts set forth in attached exhibits, the exhibits are controlling. *Sangamon County Fair & Agricultural Association v. Standard* (1956), 9 Ill. 2d 267, 276.

The liability of the partnership defendants depends upon whether the plaintiffs' complaint alleges sufficient facts to show that Laurel's wrongful conduct occurred in the ordinary course of partnership business. If so, then the partnership is liable to the same extent as Laurel. Ill. Rev. Stat. 1981, ch. 106½, par. 13.

The well-pleaded allegations of the complaint indicate that the plaintiffs went to the office of Chapman Realty in response to real estate listings placed by the firm in local newspapers. The plaintiffs were shown a number of homes before finally settling on property owned by Laurel Chapman. Some of the installment contracts were negotiated at the Chapman Realty Office by Laurel, who had introduced himself as a partner in the firm. The plaintiffs made payments to Chapman Realty, some of which were deposited into partnership accounts.

The defendants contend that since Chapman Realty does not ordinarily sell property on its own account, the sales to the plaintiffs are beyond the scope of partnership business. The defendants also argue that the installment contracts, which are attached to the complaint as exhibits, show that Laurel and his wife were the sellers. The defendants contend that the exhibits are controlling because they contain facts contrary to the complaint which conclusively establish that the partnership had nothing to do with the sales. We disagree.

■ Chapman Realty was in the business of listing, showing and selling real estate as well as handling the incidental paper work. The sales in question were carried out through the office of Chapman Realty and for all intents and purposes appeared to be part of normal partnership business. Although Chapman Realty did not ordinarily buy and sell property on its own account, the sales here were carried

out in such a manner as to be indistinguishable from ordinary partnership business. The fact that the installment contracts do not designate the partnership as the seller does not change this result. Accordingly, we find that the complaint is sufficient to allege partnership liability based on section 13 of the partnership act. We reverse the dismissal of the complaint as to the Chapman defendants. We next examine the liability of Realty World.

Realty World and Chapman Realty are parties to a franchise agreement which specifically sets forth a relationship of franchisor/franchisee as opposed to principal/agent. In *Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, the court examined a franchise agreement with similar language and made the following observation:

> "Where a sufficient degree of control and direction is manifested by the parent franchisor, an agency relationship may be created. Whether the relationshp between a franchisor and a franchisee is that of principal and agent, at least insofar as this relationship affects a stranger to the franchise agreement, is dependent upon the intention of the parties as determined from the written agreement and the accompanying circumstances. The declaration of the parties in the agreement respecting the nature of the relationship created thereby are not controlling, however, and, as with contracts generally, the writings must be considered as a whole. 62 Am. Jur. 2d *Private Franchise Contracts* sec. 15 (1972)." 90 Ill. App. 3d 716, 726.

We find that Realty World did not exercise such complete control over Chapman Realty so as to negate the intent of the franchise agreement not to create a principal-agent relationship. Realty World does not hire or fix the compensation of Chapman employees nor does it control the firm's day-to-day operation. In exchange for using Realty World's proprietary marks and goodwill, Chapman agreed to conduct its business in accordance with Realty World's confidential operations manual. On a voluntary basis, Chapman could send its employees to training sessions conducted by Realty World, Chapman Realty agreed to maintain its office, furnishing and supplies according to standards set by Realty World. Finally, Realty World reserved the right to inspect Chapman's accounts at reasonable times. Realty World's control is considerable but not total. Chapman Realty maintains its individual identity and supervises its own operations subject to general standards set by Realty World.

The degree of control exercised by Realty World is substantially similar to that of the franchisor in *Slates*, wherein the court refused

to find an agency relationship. The plaintiffs urge us to disregard *Slates* as *dicta* and look to cases from other jurisdictions. We are aware that the agency question in *Slates* was subordinate to the primary issue of whether the defendant franchisor had been properly served with process. But of critical importance to the service issue was the question of whether a franchisee is the agent of the franchisor for notice purposes. Therefore, we do not find the analysis of the agency issue in *Slates* to be mere *dicta*. Based on *Slates*, the complaint in the present case fails to allege an agency relationship between Realty World and Chapman Realty. The plaintiffs have also failed in their attempt to establish agency by estoppel and apparent authority.

▐ Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume or which he holds his agent out as possessing. (*Wing v. Lederer* (1966), 77 Ill. App. 2d 413, 417.) There are no allegations in the plaintiffs' complaint which indicate that Realty World held Chapman Realty out as possessing the authority to act on Realty World's behalf as an agent. The complaint alleges only a franchisor/franchisee relationship. In fact, the franchise agreement attached to the complaint as an exhibit contains a clause which requires Chapman to prominently display a certificate in the office setting forth Chapman's status as an independent franchisee.

▐ Similarly, estoppel to deny the existence of an agency relationship also requires a holding out. Conduct forming the basis for estoppel against a person holing another out as his agent is that which is calculated to mislead and must have been such that an ordinarily prudent person would have considered it as consistent only with the fact that the designated party was an agent. (*Crittendon v. Slate Oil Co.* (1966), 78 Ill. App. 2d 112.) The complaint fails to allege facts which show that Realty World held out Chapman Realty as an agent under the conditions specified above. The complaint was properly dismissed as to defendant Realty World.

▐ The next issue is whether the complaint states a cause of action for fraud. The elements of a cause of action for fraudulent misrepresentation are: (1) false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damages. Furthermore, the reliance by the other party must be justified, *i.e.*, he must have had a right to rely. *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286.

The defendants argue that Laurel's alleged misrepresentations were promises to act at a future time and as such were not action-

able. The complaint alleges two misrepresentations: (1) passive nondisclosure of the mortgages and (2) a false promise to convey good title to the property at a future date.

Where a person has a duty to speak, his failure to disclose material information is equivalent to a fraudulent concealment. (*Perlman v. Time Inc.* (1978), 64 Ill. App. 3d 190.) As will be discussed more fully later in this opinion, Laurel had a duty to disclose material facts under the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1981, ch. 111, par. 5701 *et seq.*). Therefore, Laurel's silence may constitute as fraudulent concealment of a material act.

■ It remains the law in Illinois that a promise to perform an act, even though made without a present intention to perform, is insufficient to constitute fraud. There is an exception where the false promise of future conduct is the scheme or device to accomplish the fraud. (*Baker, Bourgeois & Associates, Inc. v. Taylor* (1980), 84 Ill. App. 3d 909, 914.) This is precisely what the plaintiffs have alleged and at this stage those allegations must be taken as true. Therefore, the complaint contains sufficient allegations of material misrepresentations.

■ Next, the defendants argue that the plaintiffs were not entitled to rely on Laurel's nondisclosure of the mortgages because they could have been discovered by examining the public records. Fraud may generally be predicated on false representations although the truth could have been ascertained by an examination of the public records. Where a party has been guilty of an intentional and deliberate fraud, by which and to his knowledge the other party has been misled, the guilty party cannot escape the consequences of his conduct by saying that the fraud might have been discovered had the other party used reasonable care. *Citizens Savings & Loan Association v. Fischer* (1966), 67 Ill. App. 2d 315.

Conversely, a party is not justified in relying on representations made when he had ample opportunity to ascertain the truth of the representations before acting. (*Goetz v. Avildsen Tool & Machines, Inc.* (1980), 82 Ill. App. 3d 1054.) The question of whether the plaintiffs had a right to rely on Laurel's silence regarding the mortgages must be answered in light of all of the facts of which the plaintiffs had actual knowledge as well as those which they might have discovered by the exercise of ordinary prudence. (*Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282.) Obviously, this rule raises substantial questions of fact. Based on the pleadings, we are not prepared to say that the plaintiffs will not be able to prove any set facts which will demonstrate reasonable reliance.

■ Viewed as a whole, the complaint adequately alleges that Laurel Chapman's misrepresentations were knowing, deliberate and were intended to induce the plaintiffs to enter into the installment contracts. Furthermore, the complaint alleges that the plaintiffs reasonably relied on Laurel's representations. Under these circumstances, we see no need for greater specificity regarding the reasonableness of the plaintiffs' reliance. The complaint is sufficient to state a cause of action for fraud.

■ The defendants next argue that the complaint failed to state a cause of action for breach of contract and violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 261 *et seq.*) and the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1981, ch. 111, par. 5701 *et seq.*). As to the breach of contract and consumer fraud counts, the defendants do not challenge the sufficiency of the complaint but instead argue that they cannot be vicariously liable for Laurel's conduct. Since we have already determined that the complaint adequately alleges the partnership liability of the Chapman defendants, their argument on this issue is without merit.

■ Finally, the defendants argue that the plaintiffs have no cause of action under the Real Estate Brokers and Salesmen License Act because Laurel ws not acting as a broker but as a private seller when he sold the property to the plaintiffs. Section 4.02(a) of the Act (Ill. Rev. Stat. 1981, ch. 111, par. 5706(a)) defines a broker as one who sells real estate for his own account while engaged in the business of buying or selling real estate. We find that the complaint alleges sufficient facts to show that Laurel was engaging in the business of buying and selling real estate within the meaning of the Real Estate Brokers and Salesmen License Act.

The judgment of the circuit court of La Salle County is affirmed insofar as it dismisses defendant Realty World. In all other respects, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part; cause remanded.

SCOTT and STOUDER, JJ., concur.