356 S.E.2d 626

**CHAMBERLAINE & FLOWERS, INC., a Corporation and Frances O. Stout**

v.

**Charles T. McBEE and Elizabeth F. McBee.**

No. 17089.

Supreme Court of Appeals of West Virginia.

April 28, 1987.

**756**

W. Henry Lawrence, IV, Steptoe & Johnson, Jerald E. Jones, Jeffrey T. Jones, Clarksburg, for appellants.

David J. Romano, James N. Riley, Clarksburg, for appellees.

PER CURIAM:

This is an appeal by Charles and Elizabeth McBee from a summary judgment granted against them in the Circuit Court of Harrison County. The appellants contend that the appellees were not entitled to judgment as a matter of law and that the

court erred in so finding and entering summary judgment in their favor. We agree.

In 1984, appellee, Frances Stout, was the owner of the house involved in this case. On May 1, 1984, Mrs. Stout, through her designated attorneys-in-fact, C.O. Stout and Mary Stout Chambers, entered into an "exclusive listing agreement" with Chamberlaine & Flowers, Inc., (hereinafter referred to as C & F), to sell the property. Shortly thereafter, the appellants learned that the house was for sale and contacted C & F to make arrangements to see the property. They dealt with Ms. Dusty Spelsberg, an employee of the realty company and Ms. Spelsberg showed them the house. While viewing the property, Mr. McBee noticed evidence that the roof of the house had been leaking. When he questioned Ms. Spelsberg about the condition of the roof, she told him that any problems with the roof had been repaired. On May 24, 1984, Mr. McBee signed a Contract of Sale agreeing to purchase the house for $70,000.00. Pursuant to the terms of the sales contract, the appellants paid $10,000.00 earnest money which was to be held in escrow by C & F until the closing of the sale.

Sometime after the contract was signed but prior to closing, Mr. McBee again viewed the house and noticed additional evidence that the roof was leaking and causing damage to the interior walls of the house. He contacted Ms. Spelsberg and informed her of the problem with the roof. It was decided during the course of the conversation that the appellant would obtain estimates to have the roof repaired. Pursuant to this conversation, the appellant contacted two roofing companies. He was told by one company that the roof was beyond repair and would have to be replaced. The other company would make the repairs, but due to the condition of the roof, would not guarantee the repair work.

In an affidavit filed with the court on May 21, 1985, Mr. McBee stated that he was not aware of the defective condition of the roof when he signed the sales contract and that when he became aware of it, he requested that the seller have the necessary repairs made. When his request was

refused and no compromise was reached, the appellants informed both Mrs. Stout and C & F that they wanted to rescind the contract. When she learned of the appellants' complaints, Mrs. Stout hired a roofing company to inspect the roof and report on its condition. On the basis of information from the company that no active leaks were found in the roof, Mrs. Stout refused to agree to a rescission of the contract.

Closing on the sale was scheduled for October 11, 1984. When the appellants did not appear, Mrs. Stout informed C & F that she considered the sales contract to have been breached. She demanded that C & F deliver the $10,000.00 earnest money to her, as liquidated damages provided for in the sales contract, less the 6% commission provided for in the exclusive listing agreement. Having received a demand for the earnest money from both parties, C & F filed an interpleader action in the Circuit Court of Harrison County seeking a judgment for its commission and an order to determine the rightful payee of the remainder of the earnest money. In the complaint, C & F alleged that Frances Stout was entitled to the earnest money. However, because the appellants had also made a demand for the money, the company wanted a court determination of the rightful payee so as to avoid multiple liability.

The appellants filed a motion to dismiss and counterclaimed for return of the earnest money, general damages and interest, alleging that the appellees "knew or should have known that the roof of [the house] was in a defective condition but failed to inform Counterclaimant as to said condition," and that "[a]s a result of defective condition of said structure and the refusal of the Defendant, Frances O. Stout, to repair said defective condition," the contract had been breached. The appellants alleged that their rescission of the contract was proper under the facts. They also filed a crossclaim against Mrs. Stout for return of the earnest money and general damages and interest. Frances Stout answered seeking payment of the earnest money from C & F. In addition, she filed a cross-claim against the appellants alleging breach of contract and the tort of outrageous conduct.

C & F subsequently filed a motion for summary judgment. An order was entered on September 10, 1985, granting the motion. The effect of the order was to allow C & F to retain $4,200.00 plus interest as commission on the sale and to order C & F to pay the remaining earnest money to Frances Stout. The appellants' counterclaim was dismissed with prejudice as was the counterclaim of Mrs. Stout. The summary judgment was based on the court's legal conclusion that no genuine issue of material fact existed and that even if the appellants' facts as developed in the pleadings were taken as true, the appellees were entitled to judgment as a matter of law.

The question before us is whether the court was correct in granting the summary judgment. "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Stated otherwise, summary judgment may be used only where the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), *W.Va.R.Civ.P.* Summary judgment, historically, has been viewed with caution in this jurisdiction. *Lengyel v. Lint*, 167 W.Va. 272, 280 S.E.2d 66 (1981). In Syllabus Point 1 of *Masinter v. Webco Co.*, 164 W.Va. 241, 262 S.E.2d 433 (1980), we held: "Even if the trial judge is of the opinion to direct a verdict, he should nevertheless ordinarily hear evidence and, upon a trial, direct a verdict rather than try the case in advance on a motion for summary judgment."

In this case the court granted summary judgment against the appellants with the view that they could not prevail on the merits of their claim even if their pleaded facts were accepted as true. In *Thacker v. Tyree*, 171 W.Va. 110, 297 S.E.2d 885 (1982), we discussed the question of wheth-

**758**

er a vendor of a dwelling house may be held liable in a suit brought by the purchaser for damages arising from substantial latent defects in a home. The plaintiffs in *Thacker* filed a complaint charging the sellers with fraudulent concealment of a latent defect of which the sellers had knowledge. We reversed a summary judgment in favor of the sellers and held that a fraudulent concealment does give rise to a cause of action. In the syllabus of that case, we stated:

> Where a vendor is aware of defects or conditions which substantially affect the value or habitability of the property and the existence of which are unknown to the purchaser and would not be disclosed by a reasonably diligent inspection, then the vendor has a duty to disclose the same to the purchaser. His failure to disclose will give rise to a cause of action in favor of the purchaser.

In the case before us, the circuit declined to apply the principles of *Thacker v. Tyree* for two reasons: first, because the vendor in *Thacker* was also the builder of the home and second, because that case involved a cause of action for fraud while in the instant case the appellants sought damages and rescission of the contract. *Thacker* is not limited solely to those situations where a builder-seller commits a fraud upon a buyer. A purchaser can also be injured by a seller who commits a fraud by concealing a defect or making a misrepresentation, but did not construct the house. The effect is the same. "It has long been the law in West Virginia that a vendor of real property may be liable to the vendee in an action for fraud." *Lengyel v. Lint, supra,* 167 W.Va. at 277, 280 S.E.2d at 69.

█ The appellees contend that this action does not sound in fraud because the appellants failed to allege the same with sufficient particularity as required by Rule 9(b), *W.Va.R.Civ.P.,* which states in part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In *Hager v. Exxon Corp.,* 161 W.Va. 278, 241 S.E.2d 920 (1978), we held that the purpose of this subsection is to permit the party charged with fraud the opportunity to prepare a defense. In this case the appellants

alleged in their counterclaim that the appellees "knew or should have known that the roof of said structure was in a defective condition but failed to inform Counterclaimant as to said condition." This averment clearly informed both C & F and Frances Stout of the appellants' allegations against them.

█ "The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined." *Aetna Casualty & Surety Co. v. Federal Insurance Co., supra,* 148 W.Va. 172, 133 S.E.2d at 777. We think the court's action in granting summary judgment in this case was error. There were facts raised by the appellants on the record, that if proved, may have allowed the appellants to prevail. Clearly, the most important issue on which evidence should have been taken was whether Frances Stout or her agents knew of the roof's poor condition, if, in fact, the condition of the roof was poor. Although we do not decide the merits of the case, we hold that the case should not have been dismissed under the theory that the principles enunciated by this Court in *Thacker v. Tyree, supra,* do not apply.

Accordingly, the order of the Circuit Court of Harrison County, entered on September 10, 1985, is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.