In re Peter GEORGOU, SSN: 334–30–5655, Debtor.

Peter GEORGOU, Mary Ann Georgou, Ethel Nagode and Contessa Main Street Corporation, Plaintiffs,

v.

Robert FRITZSHALL, Steven Fritzshall and Rick A. Gleason, Defendants.

Bankruptcy No. 92 B 08450.
Adv. No. 92 A 735.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 14, 1992.

Donald L. Johnson, Chicago, Ill., for plaintiffs.

Rick A. Gleason, F. Kevin Murnighan, Carey, Filter, White & Boland, Forrest Ingram, Andrew J. Maxwell, Maxwell & Perlstein, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

### I. BACKGROUND.

Pursuant to 28 U.S.C. § 1452, Peter Georgou, a chapter 11 debtor and one of the Plaintiffs, removed to this Court the captioned adversary proceeding. Plaintiffs' malpractice complaint alleges breach of fiduciary duty, breach of contract and negligence in connection with the legal representation of Plaintiffs by one of the Defendants, Robert Fritzshall. The other two Defendants, Rick A. Gleason and Steven N. Fritzshall ("Movants"), seek to dismiss the complaint as to themselves. Movants argue that the entire complaint is based upon alleged intentional misconduct of Robert Fritzshall and, according to Illinois partnership law, Movants cannot be held vicariously liable for such misconduct. As discussed below, Movants' Motion to Dismiss will be denied.

### II. ILLINOIS PARTNERSHIP ACT.

§ 13. *Partnership Bound by Partner's Wrongful Act*

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person,

not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

§ 15. *Nature of Partner's Liability*

All partners are liable

(a) Jointly and severally for everything chargeable to the partnership under sections 13 and 14.

(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract.

Ill.Rev.Stat.1981, ch. 106½, §§ 13, 15.

## III. CONCLUSION.

■ Despite the contrary plain language of § 13 of the Illinois Partnership Act, Movants argue that § 13 does not apply in cases of wilful misconduct when the other partners are "innocent". The statute provides for "any wrongful act or omission", not "any negligent act or omission". Otherwise, § 13 would provide recourse for victims of negligence but not victims of intentional torts and, therefore, § 13 would give partnerships the absurd incentive to choose partners who engage more in intentional conduct than negligent conduct in order to protect the assets of the partnership. *See Federal Deposit Ins. Corp. v. Braemoor Assocs.*, 686 F.2d 550, 557 (7th Cir.), *cert. denied*, 461 U.S. 927, 103 S.Ct. 2086, 77 L.Ed.2d 297 (1983) (§ 13 provides incentive to choose partners carefully).

■ Nor does the language of § 13 limit liability of innocent co-partners. Section 13 speaks only of the liability of the *partnership*. The vicarious liability of the partners is created indirectly under § 15(a) which provides that all partners are liable jointly and severally for everything chargeable to the partnership under § 13. If the assets (or insurance) of the partnership are sufficient to satisfy claims arising from the wrongful conduct of a partner, ultimately the property of the "innocent" partners would not be affected. *See* Ill.Rev.Stat. 1981, ch. 106½ § 18(b) (partners are indemnified by the partnership for § 15(a) liability) and *generally* Alan R. Bromberg and Larry E. Ribstein, I Bromberg and Ribstein

on Partnership § 4.07(h) (Little, Brown & Company, 1988). Therefore, the purpose of § 13 is not to shield the assets of innocent partners but to expose the liability of the partnership.

■ Section 13, however, is qualified. The partnership is protected from being mulcted for the wrongful conduct of a partner which does not occur "in the ordinary course of the business of the partnership". Movants thus maintain that their partnership is not in the business of committing wilful misconduct; therefore, the Movants cannot be liable. No partnership is in the business of committing wilful misconduct, or even negligent conduct. Accordingly, Movants' interpretation would render the "ordinary course of business" requirement a nullity. Furthermore, Movant's interpretation again shows a misreading of § 13. Section 13 requires that a partner be "acting in the ordinary course", not that the wrongful act itself be ordinary course. *Cf. Id.* at 557 (§ 13 liability for authorized acts means authorization of partner to "act", not authorization of wrongful conduct). The proper inquiry then for Movants' motion is whether Robert Fritzshall committed wrongful conduct in the ordinary course of Defendants' law practice.

■ Movants were partners in law with Robert Fritzshall. Robert Fritzshall represented Plaintiffs and allegedly committed malpractice through, among other things, breach of his fiduciary duty toward Plaintiffs. Notwithstanding Plaintiffs' allegations of unethical conduct, alteration of records and misrepresentation, among others, it is tautological that Robert Fritzshall's conduct as a lawyer occurred in the ordinary course of the Movants' law practice. *Cf. Id.* at 555, 557 (intentional breach of fiduciary duty imputed to partnership under § 13); *see also Salisbury v. Chapman Realty*, 124 Ill.App.3d 1057, 80 Ill.Dec. 336, 465 N.E.2d 127 (1984) (partnership in business of selling real property potentially liable under § 13 for fraudulent real estate sales by former partner); *see generally* Annotation, Vicarious Liability of Attorney for Tort of Partner in Law Firm, 70 A.L.R.3d 1298 (Supp.1991); *compare*

38

*Courts of the Phoenix v. Charter Oak Fire Ins. Co.*, 560 F.Supp. 858, 862 (N.D.Ill. 1983) (partner's act of destroying sole asset of partnership not in ordinary course of business).

This conclusion is crystallized by Movants' own statement. In their Motion to Dismiss, Movants characterize the alleged intentional, wilful and unethical conduct of Robert Fritzshall as "in his [R. Fritzshall's] handling of the Plaintiffs' case". (Movants' Mtn. ¶ 6). Therefore, Plaintiffs have alleged wrongful acts by Robert Fritzshall committed in the course of his representation of Plaintiffs which, if proven, would render the partnership liable under § 13 and the Movants responsible therefor under § 15(a).

In accordance with the foregoing, an Order of this Court will be entered denying Movants' Motion to Dismiss.