**In re Peter GEORGOU, Debtor and Debtor in Possession.**

**Peter GEORGOU, Mary Ann Georgou, Ethel Nagode and Contessa Main Street Corporation, Plaintiffs,**

v.

**Robert S. FRITZSHALL, Steven Fritzshall, and Rick A. Gleason, Defendants.**

No. 93 C 997.

United States District Court, N.D. Illinois, E.D.

July 13, 1993.

Donald L. Johnson, Chicago, IL, for plaintiff.

Robert S. Fritzshall, Robert S. Fritzshall & Assoc., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Before the Court is Defendant Robert S. Fritzshall's appeal from a decision of the Bankruptcy Court by the Honorable Ronald Barliant. Fritzshall requests this Court to reverse Judge Barliant's decision to deny Fritzshall's Motion for Mandatory Absten-

tion and Remand. For the following reasons, the decision of the Bankruptcy Court is AFFIRMED.

## PROCEDURAL HISTORY

Fritzshall is an attorney. In 1990, he practiced law in a partnership with two other defendants in this case, Defendants Steven N. Fritzshall and Rick A. Gleason. One of the partnership's cases was the representation of Contessa Main Street Corporation ("Contessa"); its principal stockholders, Peter and Mary Ann Georgou; and one of its directors, Ethel Nagode (collectively, the "clients" or "Plaintiffs"). The clients are now the Plaintiffs in this case. Fritzshall and his firm defended the clients in a fraud suit (the "Fraud Action") brought by Contessa's minority shareholders (the "Fraud Action Plaintiffs"). The case was tried in the Cook County Circuit Court before Judge Shields. Fritzshall and his clients lost the case. Judge Shields entered judgment against Contessa on November 30, 1990, stating that he would later enter judgment against the individual defendants. Judgment in the amount of $683,000 was eventually entered against Fritzshall's clients by another judge. Plaintiffs have appealed with different counsel and are awaiting a decision.

In December 1990, Contessa filed for bankruptcy. On April 14, 1992, Peter Georgou filed a personal bankruptcy petition pursuant to chapter 11 of the Bankruptcy Code.[1] Mary Ann Georgou has also sought bankruptcy protection. On April 15, 1992, Peter and Mary Ann Georgou, Ethel Nagode, and Contessa filed a malpractice action against Fritzshall and his partners in the Cook County Circuit Court (the "State Action). The State Action was removed to the United States District Court and referred to the Bankruptcy Court as part of the bankruptcy proceedings involving some of the Plaintiffs. 145 B.R. 36. The bankruptcy proceedings include an adversarial action filed by the Fraud Action plaintiffs. The action con-

sists of objections to the debtors' discharge, based on Plaintiffs' conduct leading to the Fraud Action. As part of that adversary proceeding, on February 18, 1993, the Plaintiffs filed a third-party complaint against Fritzshall and his former partners. The third-party complaint realleges the allegations made in the State Action; it seeks to hold Fritzshall and the other Defendants liable if the Fraud Action Plaintiffs' objections are permitted.

Fritzshall and his Codefendants each filed motions in the Bankruptcy Court seeking mandatory abstention and a remand of the state court action. The Bankruptcy Court denied the motions. Fritzshall now appeals the denial of his motion.

## ANALYSIS

The only issue before the Court is whether the Bankruptcy Court mistakenly denied Fritzshall's Motion for Mandatory Abstention and Remand. However, because several jurisdictional issues have been tangentially raised, the Court briefly discusses the jurisdictional status of this case.

■■■ The bankruptcy proceedings in the case are being conducted pursuant to title 11 of the United States Code. District courts have original and exclusive jurisdiction over cases brought under title 11. 28 U.S.C. § 1334(a). The district courts have original, nonexclusive jurisdiction over other issues relevant to title 11 cases. These issues are classified in the United States Code as "all civil proceedings" "arising under" title 11, "arising in" cases under title 11, or "related to" cases under title 11 (together, "relevant proceedings"). 28 U.S.C. § 1334(b). For those title 11 bankruptcy cases and relevant proceedings over which it has jurisdiction, the district court may provide that such cases be referred to the district's bankruptcy judges. 28 U.S.C. § 157(a). Here, none of the Defendants have challenged the district court's jurisdiction.[2]

---

1. This case has recently been dismissed. It may reappear as a chapter 7 bankruptcy.

2. Several of Fritzshall's arguments in favor of abstention might properly be construed to object to this Court's jurisdiction over him. However, Fritzshall has not specifically raised the

The district court's bankruptcy judges, sitting in bankruptcy court, may hear cases and proceedings of two kinds: core proceedings and noncore proceedings. 28 U.S.C. §§ 157(b)(1), 157(c)(1). If litigation is a core proceeding, the bankruptcy judge may "hear and determine" the case, subject to review in the district court in the same manner as civil proceeding appealed from the district courts to the courts of appeals. 28 U.S.C. §§ 157(b)(1), 158. If litigation is a noncore proceeding, the bankruptcy judge may "hear" it, but must submit proposed findings of fact and conclusions of law to the district court for de novo review. 28 U.S.C. § 157(c)(1). The district court also reviews de novo "those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

Here, the parties agree that the malpractice litigation, the State Action and the third-party claim, are noncore proceedings.[3] Thus, the Court reviews the decision of the Bankruptcy Judge de novo.

While Fritzshall has not challenged the jurisdiction of the district court to hear the bankruptcy case, the State Action, or Plaintiffs' third-party claim, he argues that the Bankruptcy Court may not hear and decide cases requiring jury trials. The argument is well taken. The United States Court of Appeals for the Seventh Circuit has specifically held that the Bankruptcy Code does not authorize a bankruptcy judge to conduct jury trials when such trials are required by the Seventh Amendment. *In re Grabill Corp.*, 967 F.2d 1152 (7th Cir.1992). It may be that when this case comes to trial, it must be tried in the district court.

To the extent Fritzshall relies on *Grabill* as a basis for reversing the decision of the Bankruptcy Judge, his argument lacks merit. Whether this case is eventually tried before the Bankruptcy Court or this Court has no bearing on the issue of abstention.

## Mandatory Abstention

Title 28, United States Code, Section 1334 states, in relevant part:

Upon timely motion of a party in a proceeding based on a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). A district court, and its bankruptcy court, must abstain from hearing a proceeding under this section when the moving party demonstrates that (1) its motion was timely; (2) the proceeding is based on state law issues; (3) the proceeding is "related to" a title 11 case but is not a core proceeding; (4) the proceedings could not have otherwise been commenced in the United States courts but for section 1334; (5) there must be an action commenced in state court; and (6) the state action must be able to be "timely adjudicated" in a state forum of appropriate jurisdiction. *In re Leco Enters., Inc.* 144 B.R. 244, 251 (S.D.N.Y.1992); *In re Revco D.S., Inc.*, 99 B.R. 768, 774–75 (N.D.Ohio 1989), *reversed on other grounds*, 898 F.2d 498 (6th Cir.1990); *see Bates & Rogers Const. Corp. v. Continental Bank*, 97 B.R. 905, 907 (N.D.Ill.1989) (stating elements as required by the statute).

Only one of the statutory elements is here in dispute. Plaintiffs contend that Fritzshall has failed to demonstrate that the state action can be "timely adjudicated." The Court agrees.

Where a dispute exists as to whether, on a motion for mandatory abstention, the action can be timely adjudicated in

---

issue. The Court assumes that such jurisdictional issues are not here raised.

**3.** Fritzshall spends a significant portion of his first memorandum addressing this issue. However, Plaintiffs do not object to his conclusion in their response memorandum.

state court, the moving party bears the burden of persuasion. *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 74 B.R. 651, 654 (N.D.Ill.1987). The moving party must present to the court evidence that demonstrates that the state court action can be timely adjudicated. *In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. 768, 779 (Bankr.S.D.Ohio 1991). The moving party does not carry its burden merely by arguing that a proceeding can be adjudicated in state court. *In re Leco Enters., Inc.*, 144 B.R. at 251.

■ The standard for what constitutes timeliness is generally uncertain. *See* 1 *Collier on Bankruptcy* ¶ 3.01 at 3–78 (15th ed. 1984) (asking whether timeliness should be determined by reference to the needs of the title 11 case or by an absolute measure). As a result, the issue is one of judicial discretion. *In re Leco Enters., Inc.*, 144 B.R. at 251.

■ In the Northern District of Illinois, at least two courts have attempted to evaluate timeliness by considering several factors; these factors are: (1) the backlog of the state court's calendar; (2) the status of the bankruptcy proceeding; (3) the complexity of the issues presented; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate. *See Bates & Rogers Const. Corp. v. Continental Bank*, 97 B.R. at 908 (finding a showing of timeliness by evaluating these factors); *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 74 B.R. at 654–55 (finding failure to show timeliness by evaluating the same factors). The Court adopts this approach.

In the opinion of the Court, Fritzshall has failed to carry his burden with respect to his motion; he has not presented evidence sufficient to warrant abstention. With regard to the first factor, Fritzshall has provided the Court with a newspaper article indicating that the average length of time from the filing of a case in the Cook County Circuit Court to its disposal is 38.4 months, or a little over three years. *See* David Bailey, *Law Division Case Filings Down Nearly 23 Percent in Last Year*, Chicago Daily Law Bulletin, Jan. 4, 1993 at

1. Despite that figure, Cook County averaged 70.9 months from filing to verdict in 1991. *See* Mike Truppa, *Area Courts, Using New Management Tools, Are Shortening Civil Jury Trial Calendars*, Chicago Daily Law Bulletin, March 3, 1993 at 3. These figures do not point the Court to a conclusion either way. Regarding the first factor, it is uncertain how long a case in state court will take.

With regard to the other factors, Fritzshall has provided the Court with insufficient evidence to carry his burden. Fritzshall had done little to indicate to the Court the relative statuses of the cases. Fritzshall has not informed the Court of any pretrial orders, discovery schedules, or pretrial motions. Other than making the unsupported assertion that the state court docket will move faster than that of the federal court, Fritzshall states only that Plaintiffs appeal in the fraud case could moot the malpractice action. This assertion, however, has no bearing on where that action should be litigated if not mooted.

Fritzshall does not argue that the state court proceedings will expedite the bankruptcy case. Indeed, it is likely that the State Action, if heard in state court, would delay the bankruptcy case, especially if a malpractice award is integral to the repayment of the Debtors' debts.

Accordingly, the Court finds that Fritzshall has failed to demonstrate that the state court proceedings will be "timely adjudicated." The decision of the Bankruptcy Court is AFFIRMED and Fritzshall's Motion for Mandatory Abstention and Remand is DENIED.