UNITED STATES of America, Appellee,

v.

Brian COTTON a/k/a "Earl", Appellant.

No. 93–1695.

United States Court of Appeals,
First Circuit.

Heard Jan. 5, 1994.

Decided Jan. 28, 1994.

---

Harry L. Miles, Northhampton, MA, for appellant.

Kevin O'Regan, Asst. U.S. Atty., with whom A. John Pappalardo, U.S. Atty., Boston, MA, was on brief for appellee.

Before SELYA, CYR and BOUDIN, Circuit Judges.

CYR, Circuit Judge.

■ Appellant was sentenced pursuant to U.S.S.G. § 2D1.1(c) and its accompanying Footnote*, which provide that the entire weight of a methamphetamine mixture and the net weight of the pure methamphetamine in the mixture are to be determined, and the court is to use whichever weight yields the greater sentence. Appellant claims that Footnote* should be disregarded in favor of the "market-oriented" approach supposedly approved in *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), for use in all drug-related sentencings, based on the *mixture* weight, *i.e.,* the total product to be marketed. The "either/or" approach under U.S.S.G. § 2D1.1(c) and its Footnote* is directly patterned on 21 U.S.C. § 841(b)(1)(A)(viii), (B)(viii). Appellant concedes that this claim is effectively precluded by our decision in *United States v. Stoner,* 927 F.2d 45, 47 (1st Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 129, 116 L.Ed.2d 96 (1991), which upheld the "either/or" provision in 21 U.S.C. § 841(b)(1)(B)(viii), but urges that we reconsider *Stoner* in light of *Chapman.*

■ Appellant overlooks the fact that Congress has not adopted a unitary approach to drug-crime punishment but an array of distinctive sentencing schemes for various categories of drugs. *See* 21 U.S.C. § 841(b). Indeed, the Court in *Chapman* specifically adverted to the "either/or" sentencing treatment prescribed in methamphetamine (and PCP) cases, and concluded that "Congress knew how to indicate that the weight of the pure drug was to be used to determine the sentence, and did not make that distinction *with respect to LSD.*" *Chapman,* 500 U.S. at —, 111 S.Ct. at 1924 (emphasis added). The "market-oriented" approach appellant infers from *Chapman* would blunt the power of Congress to prescribe criminal sanctions and frustrate its mandate in 21 U.S.C. § 841(b)(1)(A)(iv), (viii) & (B)(iv), (viii), as well as U.S.S.G. § 2D1.1(c) and the plain language of Footnote*. *See id.* at —, 111

S.Ct. at 1926–28 (upholding legislative power to establish distinct sentencing schemes for different drugs). We therefore reaffirm *Stoner* and affirm the sentence imposed by the district court.[1]

*Affirmed.*

---

1. Appellant's remaining claim is that the district court erred in not departing downward based on the "unusual" circumstance that he was sentenced in accordance with U.S.S.G. § 2D1.1(c) and Footnote*. Assuming we have jurisdiction, *but see, e.g., United States v. Tucker,* 892 F.2d 8, 10–11 (1st Cir.1989), mere imposition of sentence in accordance with the applicable guidelines does not constitute an "unusual" circumstance warranting departure, *see United States v. Rivera,* 994 F.2d 942, 949–52 (1st Cir.1993).