UNITED STATES of America, Plaintiff—Appellee,

v.

Canuto VALADEZ SOTO, aka Canuto Valadez–Soto, Defendant—Appellant.

No. 03–50154.

D.C. No. CR–02–01880–1–NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2004.*

Decided Feb. 18, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Renee M. Bunker, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kevin M. Bringuel, FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before BROWNING, THOMPSON, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Canuto Valadez Soto ("Soto") appeals the sentence imposed by the district court following his plea of guilty to importation of marijuana and methamphetamine, aiding and abetting, and possession of marijuana and methamphetamine. Soto contends that (1) the district court erred in applying U.S.S.G. § 2D1.1(c), n.*(B), which required the court to determine Soto's base offense level based upon the weight of the pure methamphetamine rather than the weight of the mixture or substance

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

containing the methamphetamine, and (2) the district court erred in denying him a minor-role downward adjustment pursuant to U.S.S.G. § 3B1.2. We reject both of these contentions, and we affirm.

A. *Application of U.S.S.G. § 2D1.1(c), n.\*(B)*

Soto argues that he pleaded guilty to the total amount of the methamphetamine mixture only and that the court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by determining his base offense level based on the weight of the pure methamphetamine within the mixture. We disagree.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* In *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) (en banc), we held that under *Apprendi*, a judge may not determine the type or quantity of a drug if it increases the maximum sentence to which the defendant is exposed under the crime of conviction.

Here, Soto was never exposed to a sentence that exceeded the maximum penalty for the offense to which he pleaded guilty. The maximum sentence for a violation involving 5 grams or more of methamphetamine or 50 grams or more of a mixture or substance containing methamphetamine is 40 years. 21 U.S.C. §§ 960(b)(2)(H) and 841(b)(1)(B)(viii). Even if Soto had not received downward departures—i.e., even if Soto's total offense level was 32—Soto's sentencing range (151–188 months) would not have exceeded the maximum penalty of forty years. With the departures, Soto's sentence of 87 months was well below the statutory maximum (and was also well below the minimum penalty prescribed by 21 U.S.C. §§ 960(b)(1)(H) and 841(b)(1)(A)(viii)).

Because Soto was never exposed to a sentence in excess of the statutory range corresponding to his guilty plea, the district court's application of U.S.S.G. § 2D1.1(c), n.\*(B) did not violate *Apprendi* or Soto's constitutional rights. *See United States v. Toliver*, 351 F.3d 423 (9th Cir. 2003) (holding that the district court's drug quantity determination at sentencing did not violate *Apprendi* because the defendants were not exposed to a sentence that exceeded the 20 year maximum sentence authorized by the jury's verdict).

Soto also argues that U.S.S.G. § 2D1.1(c), n.\*(B) is inconsistent with the drug statutes as interpreted by *Chapman v. United States*, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). Soto's reliance on *Chapman* is misplaced. Contrary to Soto's assertions, the Supreme Court did not state that Congress took a uniform "market-based" approach to punishing *all* types of drug violations. The Supreme Court's discussion of the "market-based" approach pertained solely to drugs such as LSD, heroin, and cocaine, which carry sentences based *exclusively* on the weight of the mixture or substance. *Id.* at 459–61. *See United States v. Cotton*, 15 F.3d 4 (1st Cir.1994) (rejecting the argument that U.S.S.G. § 2D1.1(c), n.\*(B) should be disregarded in favor of the "market-oriented" approach supposedly approved in *Chapman*).

In *United States v. Alfeche*, 942 F.2d 697 (9th Cir.1991), a post-*Chapman* case, we held that U.S.S.G. § 2D1.1(c), n.\*(B) is consistent with the federal drug statutes and avoids absurd results. We explained that the interpretation of section 841 adopted by U.S.S.G. § 2D1.1(c), n.\*(B) relieves district courts from deciding how "pure" methamphetamine must be to trig-

ger the "methamphetamine" prong of the statute, instead of the "methamphetamine mixture" prong. *Id. Alfeche* is not contrary to *Chapman* and is the law of this circuit. *See also United States v. Asuncion,* 973 F.2d 769 (9th Cir.1992) (following *Alfeche* and affirming the district court's application of U.S.S.G. § 2D1.1(c), n.*(B)).

### B. *Downward Adjustment for Minor Role*

■ Soto argues that the district court applied improper standards in determining whether he was entitled to a two-level downward departure for a minor role under U.S.S.G. § 3B1.2. Specifically, Soto claims that the court improperly conflated the upward adjustment for use of a minor (U.S.S.G. § 3B1.4) with the downward adjustment for minor role in the offense (U.S.S.G. § 3B1.2).

Although it appears that the district court might have initially blurred the issues of the use of minors and minor role, the record shows that the court ultimately determined that Soto did not qualify for a minor-role adjustment based on pertinent facts—i.e., that Soto picked up the drugs at a house in Mexicali, stayed in the house for approximately an hour while his family waited outside, and subsequently hid the drugs in the car.

■ Soto also argues the district court did not make a proper inquiry into his role in the offense as compared to that of his co-participants. Soto argues the district court was required to make factual findings on the record regarding his culpability relative to his co-participants. We have held otherwise. *See, e.g., United States v. Flores–Payon,* 942 F.2d 556, 561 (9th Cir. 1991) (explaining that a district court is under an obligation to make clear on the record its resolution of all disputed matters but is not required to make factual findings regarding a defendant's culpability relative to that of his co-participants).

■ Finally, Soto argues that the facts establish that he was a mere courier and, therefore, a minor participant. However, the fact that Soto was a courier is not enough in itself to warrant a reduction to minor role. *See Ajala v. United States Parole Comm'n,* 997 F.2d 651, 656 (9th Cir.1993) ("The mere fact that a defendant acted as a drug courier does not mean his role was minimal or minor."); *United States v. Zweber,* 913 F.2d 705, 710 (9th Cir.1990) ("Culpability, not courier status, is the key."). We have denied downward adjustments to defendants who were couriers where there were additional factors showing that they were not minor or minimal participants. *Davis,* 36 F.3d at 1436–37.

Here, there were additional facts indicating that Soto was trusted with responsibility and was not a minor participant. Soto did not establish by a preponderance of the evidence that he was a minor participant, and the district court did not commit clear error in finding that Soto did not qualify for the downward adjustment.

AFFIRMED.