In Re: Parmalat Securities Litigation

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2010

Argued: November 2, 2010          Decided: January 18, 2011
                                  Amended: April 12, 2011

Docket Nos. 09-4302-cv (L); 09-4306-cv (con);
                09-4373-cv (con)

_____

Parmalat Capital Finance Limited,

*Plaintiff-Appellant*,

Dr. Enrico Bondi, Extraordinary Commissioner of Parmalat
Finanziaria S.p.A., Parmalat S.p.A., and other affiliated
entities, in Extraordinary Administration under the laws of
Italy,

*Plaintiff-Counter-Defendant-Third-Party-Defendant-Appellant,*

Capital & Finance Asset Management S.A., Cattolica
Partecipazioni S.p.A., Hermes Focus Asset Management Europe
Limited, Erste Sparinvest Kapitalanlagegesellschaft m.b.H.,
Solotrat, Societe Moderne des Terrassements Parisiens,
Renato Esposito, Fondazione Italo Monzino, Southern Alaska
Carpenters Pension Fund, on behalf of itself and all others
similarly situated, Cristina Poncibo, Margery Louise
Kronengold, Robert McQueen, Custodian, individually and on
behalf of all others similarly situated, Ferri Giampolo,
Food Holdings Limited, Dairy Holdings Limited, G. James
Cleaver, Gordon I. MacRae, Gerald K. Smith, Laura J.
Sturaitis, Monumental Life Insurance Company, TransAmerica
Occidental Life Insurance Company, TransAmerica Life
Insurance Company, Aviva Life Insurance Company, Principal
Global Investors, LLC, Principal Life Insurance Company,
Scottish Re (US) Inc., Hartford Life Insurance Company, Plan

Administrator G. Peter Pappas,

*Plaintiffs*,

—v.—

Bank of America Corporation, Banc of America Securities Limited, Bank of America, N.A., Bank of America National Trust & Savings Association, Banc of America Securities LLC, Bank of America International, Ltd., Grant Thornton International, Ltd,

*Defendants-Appellees*,

Grant Thornton International, Grant Thornton LLP,

*Defendants-Third-Party-Plaintiffs-Counter-Claimants-Appellees*,

Deutsche Bank AG, Morgan Stanley & Co., Incorporated, Bonlat Financing Corporation, Calisto Tanzi, Fausto Tonna, Coloniale S.p.A., Citigroup Inc., Buconero, LLC, Zinni & Associates, P.C., Deloitte Touche Tohmatsu, Deloitte & Touche S.p.A., a Societa per Azioni under the laws of Italy, James E. Copeland Jr., Parmalat Finanziaria S.p.A., Stefano Tanzi, Luciano Del Soldato, Domenico Barili, Francesco Giuffredi, Giovanni Tanzi, Deloitte & Touche USA, LLP, Deloitte & Touche L.L.P., Credit Suisse First Boston, Citibank, Eureka Securitisation plc, Vialattea LLC, Pavia e Ansaldo, Banca Nazionale Del Lavoro S.p.A., Citibank, N.A., Professor Maria Martellini, Banca Intesa S.p.A., Deloitte & Touche Tohmatsu Auditores Independentes, Credit Suisse International, Credit Suisse Securities (Europe) Limited, Credit Suisse, Credit Suisse Group, Grant Thorton S.p.A., a Societa per Azioni under the laws of Italy, now known as Italaudit, S.p.A.,

*Defendants*,

Parmatour S.p.A.,

*Defendant-Third-Party-Defendant*.

---

Before:

CABRANES, WESLEY, *Circuit Judges*, and KOELTL,[*] *District Judge*.

Plaintiff-Appellant Parmalat Capital Finance Limited and Plaintiff-Counter-Defendant-Third-Party-Defendant-Appellant Dr. Enrico Bondi (collectively, "Appellants") commenced these actions to recover damages that they contend are owed to them pursuant to Illinois state law. In this appeal, Appellants challenge orders of the United States District Court for the Southern District of New York (Kaplan, *J.*) and the Northern District of Illinois (Castillo, *J.*) denying Appellants' motions for remand and abstention, and granting summary judgment to Defendants-Third-Party-Plaintiffs-Counter-Claimants-Appellees Grant Thornton International and Grant Thornton LLP. We hold that the district courts had proper removal jurisdiction over these actions. As a matter of first impression in our Circuit, we set forth the standard for determining "timely adjudication" for the purposes of 28 U.S.C. § 1334(c)(2) abstention. We then VACATE and REMAND to allow the district court to consider, in light of this Opinion, whether abstention is mandatory in the circumstances presented here.

AFFIRMED in part and VACATED and REMANDED in part.

---

KATHLEEN M. SULLIVAN, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY (Peter E. Calamari, Terry L. Wit, Sanford I. Weisburst, *on the brief*), *for Plaintiff-Counter-Defendant-Third-Party Defendant-Appellant Bondi*.

J. GREGORY TAYLOR, Diamond McCarthy LLP, New York, NY (Allan B. Diamond, Richard I. Janvey, J.

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Benjamin King, *on the brief*), *for Plaintiff-Appellant Parmalat Capital Finance Limited*.

LINDA T. COBERLY, Winston & Strawn LLP, Chicago, IL (Bruce R. Braun, William P. Ferranti, *on the brief*), *for Defendant-Third-Party-Plaintiff-Counter-Claimant-Appellee Grant Thornton LLP*.

JOSEPH B. TOMPKINS JR., Sidley Austin LLP, Washington, DC (Alan C. Geolot, Mark P. Guerrera, Robert D. Keeling, A. Robert Peitrzak, Daniel A. McLaughlin, *on the brief*), *for Defendants-Appellees Bank of America et al*.

JAMES L. BERNARD, Strook & Strook & Lavan LLP, New York, NY (Quinlan D. Murphy, Katherine I. Puzone, David M. Cheifetz, *on the brief*), *for Defendant-Third-Party-Plaintiff-Counter-Claimant-Appellees Grant Thornton International, Inc. and Grant Thornton International Ltd*.

PARTHA P. CHATTORAJ, Markowitz & Chattoraj LLP, New York, NY *for Amicus Curiae Guido Alpa*.

GEORGE M. PAVIA, Pavia & Harcourt LLP, New York, NY *for Amicus Curiae the Government of the Republic of Italy*.

WESLEY, *Circuit Judge*:

The questions presented are (1) whether the district court erred in exercising jurisdiction over plaintiffs' claims, pursuant to 28 U.S.C. § 1334(b); and (2) whether the district court properly declined to abstain from exercising that jurisdiction, pursuant to 28 U.S.C. § 1334(c)(2). This

4

appeal is taken from judgments of the United States District Court for the Southern District of New York (Kaplan, *J.*) and challenges rulings made by that court and by the United States District Court for the Northern District of Illinois (Castillo, *J.*). The contested rulings include two orders dated February 25, 2005 and February 16, 2006 finding federal jurisdiction in the present cases and declining to abstain from exercising that jurisdiction. We conclude that jurisdiction was proper, but remand to allow the district court[1] to consider, in light of this Opinion, whether abstention is mandatory.

## I. BACKGROUND

These cases arise from the financial collapse of Parmalat Finanziaria, S.p.A. and many of its subsidiaries. Twenty-three Parmalat-related corporations are now in the midst of bankruptcy and reorganization proceedings in Italy. Italy's Minister of Finance appointed Dr. Enrico Bondi, here the Plaintiff-Counter-Defendant-Third-Party-Defendant-

---

[1] Although multiple courts were initially involved in these cases, the multidistrict litigation proceedings are now before the United States District Court for the Southern District of New York (Kaplan, *J.*). We thus remand to that court. References herein to "the district court" refer to the United States District Court for the Southern District of New York unless otherwise noted.

Appellant, to serve as Extraordinary Commissioner of these bankruptcy proceedings in a role analogous to a Chapter 11 Trustee. Parmalat Capital Finance Limited ("PCFL"), a Parmalat subsidiary headquartered in the Grand Caymans, is likewise insolvent and currently in liquidation proceedings. These liquidation proceedings are ongoing in the Grand Caymans and are overseen by Joint Official Liquidators appointed by the Grand Court of the Cayman Islands.

In January and June 2004 respectively, PCFL and Bondi commenced separate proceedings pursuant to former 11 U.S.C. § 304 in the Bankruptcy Court for the Southern District of New York. Section 304 permitted PCFL and Bondi, as representatives of the foreign bankruptcy estates, to commence bankruptcy cases in the United States in order to enjoin litigation against PCFL and Parmalat in United States courts.[2] Section 304 also empowered PCFL and Bondi to seek orders from the bankruptcy court regarding turnover of property in the United States belonging to the respective bankruptcy estates.

Meanwhile, purchasers of Parmalat's debt and equity

---

[2] Although § 304 was repealed, it remains applicable to this case. *See* Pub. L. 109-8 (enacting Chapter 15 of the Bankruptcy Code and repealing 11 U.S.C. § 304 for all ancillary petitions filed after October 17, 2005).

securities filed class action lawsuits against Parmalat and others for securities fraud.  Those cases were consolidated before Judge Kaplan in the United States District Court.

In August 2004, Bondi filed suit in Illinois state court against Defendants-Third-Party-Plaintiffs-Counter-Claimants-Appellees Grant Thornton International and Grant Thornton LLP (collectively, "Grant Thornton").  Bondi alleges claims against Grant Thornton arising under Illinois state law for professional malpractice, fraud, aiding and abetting fraud and constructive fraud, negligent misrepresentation, aiding and abetting breach of fiduciary duty, theft and diversion of corporate assets, conversion, unjust enrichment, aiding and abetting fraudulent transfer, deepening insolvency, and unlawful civil conspiracy.  On September 16, 2004, Grant Thornton removed the case to the United States District Court for the Northern District of Illinois on the basis of 28 U.S.C. §§ 1334(b) and 1452.  In its Notice of Removal, Grant Thornton argued, among other things, that removal was proper because the Illinois state law case was "related to" Bondi's § 304 proceedings in the Southern District of New York.  The next day, Bondi filed a "Motion to Remand to State Court."  Bondi argued therein that there was no federal jurisdiction over the case and, in

any event, the court should abstain pursuant to 28 U.S.C. § 1334(c)(2).

On December 9, 2004, the Judicial Panel on Multidistrict Litigation transferred Bondi's action against Grant Thornton to Judge Kaplan in the Southern District of New York. On February 25, 2005, Judge Kaplan denied Bondi's Motion to Remand to State Court. The district court found that it had jurisdiction pursuant to § 1334(b) and that abstention was not mandatory.[3] The district court reasoned that Bondi failed to file a motion for abstention and, in the alternative, Bondi failed to demonstrate that his claims could be "timely adjudicated" in Illinois state court.[4] 28 U.S.C. § 1334(c)(2).

In December 2005, PCFL likewise filed suit against Grant Thornton in Illinois state court alleging similar

---

[3] The district court likewise declined Bondi's motion to abstain pursuant to 28 U.S.C. § 1334(c)(1). It concluded that permissive abstention was not appropriate because of "the importance of coordinating this proceeding with the international bankruptcy and the Securities Fraud Action outweighs any interest in comity with Illinois courts or Illinois law." Bondi does not challenge this ruling on appeal.

[4] Shortly after the district court issued its order, Bondi filed a motion under 28 U.S.C. §1292(b) to certify questions of law related to remand and abstention. The district court denied Bondi's motion, precluding him from pursuing an interlocutory appeal. Accordingly, Bondi's first opportunity to challenge Judge Kaplan's ruling on remand and abstention arose in the present appeal following the entry of judgment below.

claims to those asserted by Bondi. On January 5, 2006, Grant Thornton removed the case to the United States District Court for the Northern District of Illinois on the basis of 28 U.S.C. §§ 1334(b) and 1452. In its Notice of Removal, Grant Thornton argued, as in the Bondi case, that removal was appropriate because the state law claims were related to PCFL's § 304 proceeding. On January 20, 2006, PCFL filed a motion titled "Parmalat Capital Finance Limited's Motion to Abstain and Remand." Like Bondi, PCFL argued that there was no federal jurisdiction over its case and that abstention was mandatory pursuant to 28 U.S.C. § 1334(c)(2).[5] By short order on February 16, 2006, the Northern District of Illinois denied PCFL's motion, noting that it "fully adopt[ed]" the reasoning of the Southern District of New York's February 25, 2005 order denying Bondi's remand motion. The case was then transferred to the United States District Court for the Southern District of New York for consolidation with Bondi's case.

Following discovery, the district court entertained a series of motions to dismiss the complaints or to grant

---

[5] In addition, PCFL moved for permissive abstention pursuant to 28 U.S.C. § 1334(c)(1). Like Bondi, PCFL does not challenge the denial of its motion for permissive abstention on appeal.

judgment in favor of defendants. Ultimately, the court resolved the cases in final judgments for defendants, dismissing the matters on grounds not relevant here. *See In re Parmalat Sec. Litig.*, 659 F. Supp. 2d 504 (S.D.N.Y. 2009).

Appellants filed this timely appeal. This opinion focuses on the February 25, 2005 and February 16, 2006 orders to determine whether the district courts correctly determined that those courts had jurisdiction and were not required to abstain pursuant to § 1334(c)(2). Although Appellants also raise other challenges relating to the summary judgment proceedings in the district court, we need not reach those claims.

## II. DISCUSSION

Bondi and PCFL challenge the lower federal courts' exercise of jurisdiction on two grounds. First, Bondi and PCFL contend that removal from Illinois state court was improper because the Illinois actions are based solely on state law claims and are not "related to" any bankruptcy cases in federal court. *See* 28 U.S.C. § 1334(b). Second, Bondi and PCFL contend that, even if removal was proper, the district courts were required to abstain pursuant to 28 U.S.C. § 1334(c)(2), which provides that a district court

10

"shall abstain" from hearing an applicable claim "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

We conclude that the cases were properly removed.  As to the abstention question, the meaning of "timely adjudicated" is a matter of first impression in this Circuit.  Our task here then is to set forth a standard for determining "timely adjudication" for the purposes of 28 U.S.C. § 1334(c)(2).  We hold that the district court employed the wrong standard.  We therefore vacate the judgment on the abstention issue and remand to allow the district court to consider, in light of this decision, whether abstention is mandatory.

**A.   Removal Jurisdiction**

28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to* cases under title 11."  28 U.S.C. § 1334(b) (emphasis added).  Grant Thornton removed the present actions from Illinois state court as actions "related to" the 11 U.S.C. § 304 proceedings in the Southern District of

11

New York.[6]  PCFL and Bondi press a novel argument: they contend that removal was improper because § 304 proceedings are not "cases" within the meaning of the removal statute. In the alternative, they argue that the state law claims are not "related to" the § 304 proceedings.  We disagree on both counts.

### 1.  A Section 304 Proceeding is a "Case"

One need not look far to find substantial support for Grant Thornton's contention that a § 304 proceeding is a "case" within the context of the bankruptcy statute.  The Bankruptcy Code repeatedly refers to § 304 proceedings as "cases" and Section 304 itself is titled "*Cases* ancillary to foreign proceedings."  11 U.S.C. § 304 (emphasis added). The Bankruptcy Code also defines "petition" as a "petition filed under section 301, 302, 303, or 304 of this title, as the case may be, *commencing a case under this title*."  11 U.S.C. § 101(42) (emphasis added).   The statutory language is clear: a § 304 proceeding is a case for the purposes of subject matter jurisdiction under § 1334(b).

### 2.  State Law Claims may be "Related to" a Section 304

---

[6]  Grant Thornton also removed on the ground of relation to the United States bankruptcy of a subsidiary of Parmalat. Because of our resolution of the appellees' principal claim, it is unnecessary to reach this argument.

*Proceeding*

For the purposes of removal jurisdiction, a civil proceeding is "related to" a title 11 case if the action's "outcome might have any 'conceivable effect' on the bankrupt estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992). In the Illinois state law actions at issue here, Bondi and PCFL are attempting to recover damages that they contend are due the respective bankruptcy estates in Italy and the Grand Caymans. If either Bondi or PCFL is successful in their claims against Grant Thornton, the funds they recover will benefit the respective bankruptcy estates. *See In re Boston Reg'l Med. Ctr., Inc.*, 410 F.3d 100, 107 (1st Cir. 2005) ("[The liquidating entity's] success or lack of success in securing a share of the trust corpus will directly impact the amount of the liquidating dividend eventually paid to [the debtor's] creditors. That is a matter intimately connected with the efficacy of the bankruptcy proceeding.") It is not difficult to conclude that the "conceivable effect" test is satisfied. The present actions are therefore "related to" the § 304 proceeding.

The fact that a § 304 proceeding, by definition, involves a bankruptcy estate located abroad does not short

13

circuit the "related to" analysis. In the context of § 1334(b), there is no need to distinguish between estates administered principally in foreign forums and those administered principally in domestic forums. As the district court explained below, "[t]here is no reason why a state law action designed to recover some of those assets [of the foreign debtor] . . . and thus increase the size of the estate involved in the Section 304 case is not 'related to' the Section 304 Proceeding within the meaning of Section 1334." *Bondi v. Grant Thorton Int'l*, 322 B.R. 44, 48 (S.D.N.Y. 2005). So long as the estate at issue in a § 304 proceeding, wherever located, may conceivably be affected by the state law actions, those state law actions are "related to" the § 304 case.[7]

The district court properly exercised removal jurisdiction pursuant to 28 U.S.C. § 1334(b).

**B.  Section 1334(c)(2) Abstention**

_____

[7] We disagree with another court's approach in a similar case involving state law claims related to the Parmalat bankruptcy. In *Bondi v. Citigroup, Inc.*, No. 04 CV 4373 (D.N.J. Nov. 18, 2004), the United States District Court for the District of New Jersey concluded that although the state law claims were related to the Parmalat estate, "related to" jurisdiction was nevertheless lacking because the Parmalat estate is located abroad. As explained above, we disagree with this conclusion. State law claims are "related to" § 304 proceedings so long as they satisfy our Court's "related to" test set forth in *Cuyahoga*, 980 F.2d at 114. Nothing more is required.

The jurisdiction-conferring statute covering bankruptcy cases and proceedings provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added). The district courts determined that abstention pursuant to § 1334(c)(2) was not mandatory here because PCFL and Bondi failed to move for abstention and, in the alternative, PCFL and Bondi failed to show that their actions could be "timely adjudicated" in state court as required by statute. We review these holdings in turn.

*1. Motion for Abstention*

Bondi filed a motion titled "Plaintiff's Motion for Remand to State Court" and explicitly argued that the court should abstain pursuant to § 1334(c)(2). PCFL filed a motion titled "Parmalat Capital Finance Limited's Motion to Abstain and Remand." In that motion, PCFL likewise explicitly argued that the court should abstain pursuant to

15

§ 1334(c)(2).  Based on these filings, the district courts clearly erred in their determinations that PCFL and Bondi failed to file motions for abstention.

　　*2.　Timely Adjudication*

　　　　i.　Standard of Review

　　As explained above, § 1334(c)(2) abstention is mandatory when, among other things, the matter can be "timely adjudicated" in state court.  Whether an action can be timely adjudicated in state court is a mixed question of law and fact.  The factual inquiry focuses on how quickly a case can be adjudicated in state court; the legal inquiry asks if this pace is sufficiently swift.  Given this mixed question of law and fact, we review the court's determination *de novo*.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 204 (2d Cir. 2007).

　　　　ii.　What Constitutes 'Timely'

　　Four factors come into play in evaluating § 1334(c)(2) timeliness: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration

16

or liquidation of the estate. *See In re Georgou*, 157 B.R. 847, 851 (N.D. Ill. 1993).

The first two factors require a court to consider timely adjudication in light of the particular factual and procedural circumstances presented in the two courts being compared. Timeliness cannot reasonably be defined as a fixed period of time. Instead, timeliness is a case- and situation-specific inquiry that requires a comparison of the time in which the respective state and federal forums can reasonably be expected to adjudicate the matter. The inquiry does not turn exclusively on whether an action could be adjudicated most quickly in state court. It is, however, informed by the comparative speeds of adjudication in the federal and state forums. A court should therefore consider the backlog of the state court's calendar (if any) relative to the federal court's calendar. Where the legal issues in a case are especially complex, the forum with the most expertise in the relevant areas of law may well be expected to adjudicate the matter in a more timely fashion relative to the other forum.[8] On the other hand, when the facts in a

---

[8] The district court may find that this factor particularly favors abstention here because one of the key issues in this case – the defense of *in pari delicto* – is a matter of Illinois state law and there is some doubt as to the nature and reach of the

case are especially complex, the forum with greater familiarity with the record may likewise be expected to adjudicate the matter more quickly.  Ultimately, the relative adjudication times are not solely determinative, but do shed light on whether the state court can timely adjudicate the matter.

As to the third factor — the status of the "related to" title 11 bankruptcy proceeding — a court must consider whether the litigants in a state proceeding need the state law claims to be quickly resolved as a result of the status of the ongoing title 11 bankruptcy proceeding.  For instance, a trustee in a chapter 11 reorganization may require expeditious resolution of the state law claims in order to determine what resources are available to fund the chapter 11 reorganization.  For this reason, courts have found that what might be timely in the Chapter 7 context is not necessarily timely in Chapter 11 cases where time is of the essence.  *See In re Leco Enters.*, 144 B.R. 244, 251 (S.D.N.Y. 1992).  In the Chapter 7 context, some courts have

---

defense.  Notably, Illinois does not permit our Court to certify questions of Illinois state law to the Illinois Supreme Court. Ill. Sup. Ct. R. 20 (permitting certification only from the Supreme Court of the United States and the United States Court of Appeals for the Seventh Circuit).

even suggested that "in deciding whether a matter may be timely adjudicated, perhaps the single most important factor is the nature of the underlying chapter proceeding." *Id*. (citation omitted).[9]

Finally, the fourth factor asks whether the state court proceeding would prolong the administration or liquidation of the estate. A matter cannot be timely adjudicated in state court if abstention and remand of the state law claims will unduly prolong the administration of the estate. Thus, in a case like the WorldCom bankruptcy, "the close connections between the defendants in [the] action and the debtor, and the complexity of [the] litigation" may suggest that "remanding to the state court could slow the pace of litigation dramatically" by leading to duplicative motions practice, repetitious discovery, and parallel adjudication of common issues. *In re Worldcom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (S.D.N.Y. 2003).

In the present case, the district courts emphasized

---

[9] Because a court overseeing a § 304 case is not tasked with overseeing reorganization or liquidation of the estate, we see no reason why, as a result of the § 304 proceeding, the litigants in a state law proceeding would require swift resolution of the state law claims. A court may, however, find that a particular § 304 proceeding does create a need for urgency among the litigants in the state law proceeding.

19

that remand would not promote timely adjudication because this case is a "complex bankruptcy-*cum*-securities fraud multidistrict litigation[]" such that "the importance of coordinating this proceeding with the international bankruptcy and the Securities Fraud Action outweighs any interest in comity with Illinois courts or Illinois law." We disagree with this approach. The impact of the state court proceedings on the securities class action itself, absent evidence of prolonging the administration or liquidation of the foreign estates, is immaterial to the question of timely adjudication.[10] Unlike *Worldcom*, the district court here is not charged with administration of a bankruptcy estate. As a result, the possibility that remand of the state court claims will slow down the § 304 proceeding is insufficient to show that state court adjudication would be untimely. The inquiry's proper focus is on the timely administration of the estate, not the § 304 proceeding.

---

[10] It bears noting that Bondi and the Joint Official Liquidators, appointed by the Grand Court of the Cayman Islands and charged with overseeing PCFL, selected Illinois state court as the forum in which to prosecute their claims against Grant Thornton. Presumably, Bondi and the Joint Official Liquidators were well versed in the timeliness concerns of their respective foreign bankruptcy proceedings when they selected the state forum.

### c. *Remand to Assess Timely Adjudication*

Nearly six years has passed since Appellants sought federal abstention in this matter. The record tells us nothing of the current status of the domestic and foreign bankruptcy proceedings. Similarly, the record is silent as to whether remanding these cases to Illinois state court would prolong the administration of the foreign estates. Accordingly, we cannot resolve the issue of "timely adjudication" based on the record before us.

On remand, the district court should determine whether these cases can be timely adjudicated in Illinois state court at the present time. Although Bondi preserved for appeal the question of whether this case could have been timely adjudicated in Illinois state court at the time the district court declined to abstain in February 2005 (and indeed sought to appeal the issue at that time), much may have changed in the intervening years. It would be futile for the district court on remand to consider only the facts known to it at the time of its initial order. Accordingly, the district court should allow the parties to supplement the record with current information to allow it to assess timely adjudication in the present tense. *See generally Stoe v. Flaherty*, 2006 WL 2927272 (W.D. Pa. Oct. 11, 2006)

21

(considering "timely adjudication" following a remand order from the Third Circuit and noting that prior resolution of the case on the merits in federal court was not dispositive in the timely adjudication analysis).

On remand, the district court should also consider which party should bear the burden to show that these matters cannot be timely adjudicated in state court. Although many courts have required the movant to affirmatively show that a matter can be timely adjudicated in state court, few cases have analyzed the question in detail. *See, e.g.*, *Stoe v. Flaherty*, 436 F.3d 209, 219 n.5 (3d Cir. 2006); *but see XL Sports, Ltd. v. Lawler*, 49 Fed. App'x 13, 20 (6th Cir. 2002) ("Nothing in the record indicates that the Tennessee courts would not adjudicate the claim in a timely fashion . . . ."). Typically, a party seeking relief bears the burden to show he is entitled to that relief. *See, e.g.*, *In re the City of New York*, 607 F.3d 923, 944 (2d Cir. 2010). Placing the burden on the party seeking remand may nevertheless be inconsistent with the mandatory nature of abstention under § 1334(c)(2) as well as the principles of comity, which presume that a state court will operate efficiently and effectively. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Accordingly, when

22

examining this issue, the district court should consider these significant competing concerns.

A mandate shall issue forthwith remanding these cases to the district court to hold such proceedings as are necessary to assess whether § 1334(c)(2) abstention is mandatory. If the district court elects to abstain pursuant to § 1334(c)(2) and remands these cases to the appropriate Illinois state court, we will have no jurisdiction over an appeal. *See* 28 U.S.C. § 1334(d); *In re Cathedral of the Incarnation*, 90 F.3d 28, 32-34 (2d Cir. 1996) (holding that a decision to remand based on mandatory abstention is not reviewable on appeal). If, however, the district court determines that abstention is not mandatory, any party to this appeal may restore jurisdiction to this court within 30 days by letter to the Clerk's Office seeking review, without need for a new notice of appeal. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The Clerk's Office will then set a briefing schedule and refer the appeal to this panel for disposition.

### III. CONCLUSION

The Southern District of New York's February 25, 2005 order denying Bondi's motion for remand and the Northern District of Illinois's February 16, 2006 order denying

23

PCFL's motion to abstain and remand are hereby AFFIRMED in part and VACATED and REMANDED in part.  We affirm the district courts's determinations that these cases were properly removed under 28 U.S.C. § 1334(b).  We VACATE the district courts's abstention holdings and REMAND to the Southern District of New York for proceedings consistent with this Opinion.  The mandate shall issue forthwith.